# In the United States Court of Federal Claims

No. 13-50C

(Filed: March 25, 2014)

| | |
|---|---|
| ***************************************<br>CHRISTOPHER FROST, on his own behalf<br>and others similarly situated,<br><br>                      Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>                      Defendant.<br>*************************************** | Motion to Dismiss; Subject Matter Jurisdiction; RCFC 12(b)(1); Fair Labor Standards Act (FLSA); Applicability of FLSA to Judicial Branch Employees; U.S. Probation Officer Fails to Qualify as "Employee" Under FLSA |

*Andrew Frisch*, Morgan & Morgan P.A., Plantation, Florida for Plaintiff.

*P. Davis Oliver*, with whom were *Stuart F. Delery*, Assistant Attorney General, *Bryant G. Snee*, Acting Director, *Steven J. Gillingham*, Assistant Director, U.S. Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

      This Fair Labor Standards Act ("FLSA") action is before the Court on the Government's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Plaintiff Christopher Frost, a former United States Probation Officer, filed his complaint upon which the Government's motion is based on January 22, 2013. Mr. Frost contends that he is entitled to monetary damages for overtime compensation that he did not receive under the FLSA during his employment as a probation officer in the Savannah Division of the United States District Court for the Southern District of Georgia. 29 U.S.C. §§ 201–219. On December, 20, 2013, the Government moved to dismiss Mr. Frost's complaint pursuant to Rule 12(b)(1). The motion has been fully briefed.

      The Government argues that Mr. Frost has failed to establish subject matter jurisdiction because he does not fall within the FLSA's definition of "employee," which

is a prerequisite to filing suit. Specifically, the Government contends that under 29 U.S.C. § 203(e)(2)(A)(iii), individuals who are employed "in any unit of the judicial branch of the Government which has positions in the competitive service" are permitted to assert claims under the FLSA. 29 U.S.C. § 216(b). Mr. Frost was employed in the U.S. Probation Office, a unit of the judicial branch of the Government. However, the Court agrees with the Government that the U.S. Probation Office "does not (nor has it ever) had any positions in the competitive service." Thus, Mr. Frost is precluded from asserting his claims under the FLSA.

For the reasons set forth below, the Court agrees that this Court lacks subject matter jurisdiction over Mr. Frost's claims under the FLSA. Therefore, the Government's motion to dismiss the complaint is GRANTED.

## Background

Christopher Frost worked as a probation officer in the United States Probation Office in the Savannah Division of the United States District Court for the Southern District of Georgia from May 3, 2004 to December 5, 2011. Def.'s Mot. to Dismiss A1. On April 23, 2012, Mr. Frost filed a claim with the United States Office of Personnel Management ("OPM"), alleging that he was owed compensation under the FLSA for work that he performed in excess of forty hours per week. Id. at 2. OPM determined that it lacked jurisdiction to adjudicate Mr. Frost's claim because, under 29 U.S.C. § 203(e)(2)(A)(iii), "none of the positions in the unit of the judicial branch in which he was employed is (or was) in the competitive service," and therefore, he was not an "individual employed by the United States" for the purposes of the FLSA. Id. Following the denial of Mr. Frost's claim with the OPM, he filed the present action in this Court, asserting claims under the FLSA for unpaid overtime compensation. Id.

## Analysis

A. Standard of Review

The Court must determine whether a plaintiff has established subject matter jurisdiction before proceeding to review the merits of the complaint. Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005). The jurisdiction of this Court is limited and extends only as far as prescribed by statute. Id. at 1172. Where subject matter jurisdiction is challenged, the plaintiff must establish the Court's jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). If the Court finds that it lacks subject matter jurisdiction, it must dismiss the claim. Gluck v. United States, 84 Fed. Cl. 609, 614 (2008).

B. <u>The Court Lacks Jurisdiction Because Mr. Frost Does Not Qualify as an "Employee" Under the FLSA</u>

The issue presented is whether the Court of Federal Claims has jurisdiction over Mr. Frost's suit. This Court derives its jurisdiction from the Tucker Act, which confers jurisdiction upon the Court of Federal Claims to hear "any claim against the United States founded upon . . . any Act of Congress." <u>El-Sheikh v. United States</u>, 177 F.3d 1321, 1323 (Fed. Cir. 1999) (citing 28 U.S.C. § 1491(a)). Because Mr. Frost's "claim[s] against the United States" are "founded . . . upon" the FLSA, an "act of Congress," the critical question is whether the United States waived its sovereign immunity to such suit. <u>Id.</u> (citing <u>Saraco v. United States</u>, 61 F.3d 863, 864 (Fed. Cir. 1995)).

It is firmly established that the United States is immune from suit unless it has specifically waived sovereign immunity. <u>See, e.g.</u>, <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976); <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941). "Waivers of the Government's sovereign immunity, to be effective, must be 'unequivocally expressed'" and "consent to be sued must be 'construed strictly in favor of the Sovereign,' and not enlarge[d] . . . beyond what the language requires." <u>United States v. Nordic Vill., Inc.</u>, 503 U.S. 30, 33–34 (1992). In sum, a waiver of sovereign immunity must be "unequivocally expressed," <u>INS v. St. Cyr.</u>, 533 U.S. 289, 299 n.10 (2001), a requirement consistent with the Supreme Court's broader observation that "[i]t is our function to give the statute the effect its language suggests, however modest that may be; not to extend it to admirable purposes it might be used to achieve." <u>Morrison v. Nat'l Austl. Bank Ltd.</u>, 130 S. Ct. 2869, 2886 (2010). Here, to determine whether the Government has waived its sovereign immunity with respect to claims by United States Probation Officers, the Court must examine the 1974 amendments to the FLSA. <u>See</u> <u>El-Sheikh</u>, 177 F.3d at 1323 (interpreting an earlier version of the statute).

In 1974, Congress extended the FLSA to cover most government employees by expanding the definition of the word "employee." <u>See id.</u> Through several later amendments, the statute took its current form, which states that "[i]n the case of an individual employed by a public agency," the term "employee" means:

> **(A)** any individual employed by the Government of the United States--
> **(i)** as a civilian in the military departments (as defined in section 102 of Title 5),
> **(ii)** in any executive agency (as defined in section 105 of such title),
> ***(iii)** in any unit of the judicial branch of the Government which has positions in the competitive service*,

3

>    **(iv)** in a nonappropriated fund instrumentality under the jurisdiction of the Armed Forces, or
>    **(v)** in the Library of Congress, or
>    **(vi)** the Government Printing Office[.]

29 U.S.C. § 203(e)(2) (emphasis added).  As the Federal Circuit has noted, "[a] significant benefit of the extension of the Act to government employees was to give them the right to sue for violations of the Act" under 29 U.S.C. § 216(b):

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

See El-Sheikh, 177 F.3d at 1323.

Mr. Frost maintains that he qualifies as an "employee" under 29 U.S.C. § 203(e)(2)(A)(iii) because he is an "individual [who was] employed in [a] unit of the judicial branch of the Government which has positions in the competitive service."  It is correct that the broadened definition of "employee" under 29 U.S.C. 203(e)(2)(A)(iii) indicates that Congress unequivocally intended to waive sovereign immunity with respect to individuals who were "employed in any unit of the judicial branch of the Government which has positions in the competitive service."  However, it follows that Congress did not unequivocally waive sovereign immunity with respect to individuals employed in a unit of the judicial branch that does not have positions in the competitive service.  Congress plainly did not to intend to extend FLSA coverage to include all members of the judicial branch, but rather, opted to expressly limit it to individuals employed in "[a] unit of the judicial branch . . . with positions in the competitive service."  Thus, the jurisdictional question turns on whether Mr. Frost was employed in a unit of the judicial branch with positions in the competitive service.

There is no question that as a probation officer in the U.S. Probation Office of the United States District Court for the Southern District of Florida, Mr. Frost was employed in a "unit of the judicial branch."  See, e.g., United States v. Reyes, 283 F.3d 446, 455

(2d Cir. 2002) ("[The] United States Probation Office is established pursuant to the direction of Congress as an arm of the United States District Court . . . [and therefore,] it is reasonable to view the United States Probation Office itself as a legally constituted arm of the judicial branch"); 18 U.S.C. § 3602(a) ("A district court of the United States shall appoint qualified persons to serve, with or without compensation, as probation officers within the jurisdiction and under the direction of the court making the appointment."). However, the Government has produced unrebutted evidence that the U.S. Probation Office does not (nor has it ever) had positions in the competitive service. Specifically, the Government has offered the declaration of Dennis Turner, Chief of the Advisory Services Branch in the Human Resources Division of the Administrative Office of the United States Courts. Mr. Turner states that "[n]one of the positions in this unit of the judicial branch is (or ever has been) in the competitive service." Def.'s Reply A1, A3. Mr. Turner has also attached a representative list of the positions extant in the United States Probation Office for the Southern District of Georgia confirming that none of them are in the competitive service, and further testifies that the only units in the judicial branch that have ever had positions in the competitive service are the Administrative Office of the United States Courts and the Federal Judicial Center. Id.

Mr. Turner's declaration is supported by applicable federal statutes and binding judicial precedent. As the Federal Circuit has explained, most federal civil service employees are employed through either the "competitive service" or the "excepted service" and "[a]gencies tend to have more flexible hiring for excepted service positions as opposed to competitive service positions." Gingery v. Dep't of Def., 550 F.3d 1347, 1349 (Fed. Cir. 2008); see also 5 U.S.C. §§ 2102(a)(1), 2103(a) (2006). Hiring for competitive service positions usually entails an examination administered by the OPM, while excepted service hiring does not require an examination. See Gingery, 550 F.3d at 1349. Instead, excepted service hiring includes "a variety of more flexible and informal procedures—some established by OPM and others developed by individual agencies." Id. Congress has explicitly defined the term "competitive service" in 5 U.S.C § 2102, as follows:

> **(a)** The "competitive service" consists of--
> **(1)** all civil service positions in the executive branch, except--
> **(A)** positions which are specifically excepted from the competitive service by or under statute;
> **(B)** positions to which appointments are made by nomination for confirmation by the Senate, unless the Senate otherwise directs; and
> **(C)** positions in the Senior Executive Service

> **(2)** civil service positions not in the executive branch which are specifically included in the competitive service by statute; and
> **(3)** positions in the government of the District of Columbia which are specifically included in the competitive service by statute.
> **(b)** Notwithstanding subsection (a)(1)(B) of this section, the "competitive service" includes positions to which appointments are made by nomination for confirmation by the Senate when specifically included therein by statute.
> **(c)** As used in other Acts of Congress, "classified civil service" or "classified service" means the "competitive service".

Congress has correspondingly defined the "excepted service" as consisting of "those civil service positions which are not in the competitive service." See Collaso v. Merit Sys. Prot. Bd., 775 F.2d 296, 297–98 (Fed. Cir. 1985) (quoting 5 U.S.C. § 2103(a)). As these statutory definitions indicate, employees of the judicial branch, including probation officers, do not generally qualify as competitive service employees because they are neither in the executive branch nor included in the competitive service by statute. See, e.g., Semper v. United States, 100 Fed. Cl. 621, 630 (2011); Bryant v. O'Connor, 671 F. Supp. 1279, 1286 (D. Kan. 1986) ("Competitive service positions within the judicial branch consist of 'civil service positions not in the executive branch which are specifically included in the competitive service by statute.'"). Mr. Frost has not cited nor has this Court located any statute that designates any of the positions of the U.S. Probation Office for the Southern District of Georgia as competitive service positions. See Bryant, 671 F. Supp. at 1286 ("Probation officers are not specifically included in the competitive service by statute. To the contrary, appointment and removal of [U.S.] probation officers rests exclusively with the district courts of the United States."). The Court granted Mr. Frost leave to file a sur-reply to identify any such positions; however, Mr. Frost has failed to do so.

## Conclusion

For the reasons set forth above, the Court does not have subject matter jurisdiction over Mr. Frost's claims under the FLSA. Therefore, the Government's motion to dismiss this case for lack of subject matter jurisdiction under Rule 12(b)(1) is GRANTED, and the clerk is instructed to DISMISS the complaint without prejudice. To the extent that this Court conditionally certified a class consisting of all probation officer employees who worked for the Defendant in Savannah, Georgia (Dkt. No. 12), that order is

VACATED because Mr. Frost never submitted the required consent forms and an amended complaint with the Court. Therefore, the certified class never materialized.

    IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge
